## Somerset Borough School District Auditors' Report

*Henry G. Gress*, for plaintiff.

*P. G. Cober*, for defendant.

BOOSE, P. J., January 11, 1946.—This is an appeal by Harry J. Geisler, tax collector of Somerset Borough, from the report of the auditors of said borough surcharging him with the sum of $2,615.45 uncollected school taxes alleged to be due and owing the school district of said borough for the year ending the first Monday in July 1945, and a petition by said tax collector for a rule to show cause why the judgment entered upon said surcharge should not be stricken off. From the pleadings and the evidence, we find the following

### Facts

1. Harry J. Geisler, appellant and petitioner, was appointed tax collector of Somerset Borough to fill the vacancy caused by the resignation of James B. Houpt, the duly-elected tax collector thereof; and thereupon it became his duty to collect the county, borough and school taxes.

2. Prior to the filing of said auditors' report in the prothonotary's office on July 24, 1945, and the auditors'

surcharge on August 25, 1945, the said tax collector had accounted in full for the amount of school taxes charged upon his duplicate for the fiscal year ending the first Monday of July 1945, except uncollected taxes in the amount of $2,615.45.

3. At a regular meeting of the school board of said school district on June 4, 1945, a resolution was adopted exonerating said tax collector and his surety, The American Surety Co. of New York, of and from all liability and responsibility for the collection of said taxes amounting to $2,615.45; and on July 2, 1945, the said surety was notified in writing that said tax collector had completely accounted in full for 1944 tax duplicate by turning over collections and receiving exonerations, the filing of liens or returning of property taxes for lien purposes.

4. The said borough auditors did not notify the said tax collector of said surcharge, at or before the time of filing their report by mail or otherwise, of such fact, setting forth the amount charged against him as required by law.

5. The said borough auditors had knowledge of the aforesaid exonerations at the time of compiling their report, but filed said surcharges in conformity with previous practice in making said audits.

6. The present appeal was filed in the prothonotary's office on October 5, 1945.

### Discussion

The first question confronting us is the right of appellant to take this appeal. The report of the borough auditors was filed in the office of the prothonotary on July 24, 1945, and the appeal was not filed until October 5, 1945. Section 2622 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 27, 1937, P. L. 908, requires that such appeal shall be taken within 45 days after said report has been filed in the court of common pleas. Admittedly, however,

the borough auditors did not notify appellant of said surcharge, at or before the filing of their report by mail or otherwise of such fact, setting forth the amount charged against him, as required by section 2614 of the School Code. A rule to show cause why an auditors' report should not be stricken from the record will be made absolute where it appears that the auditors of a school district filed their report in the court of common pleas wherein they surcharged the treasurer of the district with the payment of certain items, without first having summoned the treasurer to appear before them or given him an opportunity to be heard and gave him no notice of their intention of filing their report: Audit of School Treasurer's Account, 32 York 138. We resolve this question in favor of appellant and hold that he has a right to attack the validity of the auditors' report by appeal or otherwise, notwithstanding that the appeal was not taken within the time required by law.

The second and controlling question is this: May a tax collector be surcharged for uncollected school taxes after he and his surety have been regularly exonerated of and from all liability and responsibility for the collection of said taxes by the board of school directors of the school district to whom said taxes are owing? It is an undisputed fact that the board of school directors of the school district of Somerset Borough, by a resolution adopted at a regular meeting held on June 4, 1945, exonerated appellant tax collector and his surety from the collection of the school taxes in the identical amount for which the borough auditors subsequently surcharged him. It is too plain for argument that a tax collector may not be surcharged for exonerations regularly made by the board of school directors of the school district: In re Auditors School District, Pittston Twp., 20 Luz. 51. Exonerations are made in relief of the tax collector and his surety, but do not have the effect of discharging or limiting the liability

of the taxable: Section 559 of the School Code of May 18, 1911, P. L. 309. The conclusion is inescapable that the judgment entered against appellant upon the surcharge contained in the auditors' report cannot be sustained and must be stricken from the record.

### Order

Now, January 11, 1946, the appeal from the report of the borough auditors is sustained, and the rule to show cause why the judgment entered against appellant upon and for the amount of said surcharge should not be stricken from the record is made absolute.